UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-CV-00592-FDW-DSC

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TAQUERIA MORELIA, )<br>INCORPORATED, *et al.*, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 25). Upon consideration of Plaintiff's Motion; the accompanying Memorandum thereof, (Doc. No. 26); and the evidence, pleadings, and relevant authorities, the Court finds that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, and recognizes Plaintiff's election to seek statutory damages solely under 47 U.S.C. § 605. The Court also finds that it has jurisdiction over the subject matter and parties to this action; that Defendants Luis Ramon Yens, individually and as an officer, director, shareholder, member and/or principal of Taqueria Morelia, Incorporated d/b/a Taqueria Morelia and Taqueria Morelia, Incorporated d/b/a Taqueria Morelia ("**Defendants**") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Original Complaint are deemed admitted against Defendants; that Defendant exhibited the closed circuit, *Ultimate Fighting Championship® 237: Namajunas vs. Andrade* Broadcast, including all undercard bouts and the entire television broadcast, on May 11, 2019, without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are

warranted in this action.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (Doc. No. 25) is GRANTED.

IT IS FURTHER ORDERED that:

1. Judgment by default be entered in favor of Plaintiff and against Defendants Taqueria Morelia, Incorporated d/b/a Taqueria Morelia and Luis Ramon Yens.

2. Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants in the amount of $10,000.00.

3. Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants in the amount of $5,000.00.

4. Plaintiff recovers attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) from Defendants in the amount of $1,500.00 and costs in the amount of $515.37 relating to the prosecution of this matter.

5. Plaintiff recover, in the event Defendants fail to voluntarily pay the judgment, reasonable attorneys' fees for post-trial and appellate services, subject to the Court's approval.

6. The Court also awards Plaintiff post-judgment interest on the amounts awarded herein at the statutory rate from the date of this Judgment until paid.

7. This judgment is a final judgment.

The Clerk of Court is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED. Signed: February 7, 2022

Frank D. Whitney
United States District Judge